(August 16, 1990)

■ MICHAEL BUTLER et al., Plaintiffs, v HENRY PRIMAVERA et al., Defendants. HARVEY BROWN, Third-Party Plaintiff-Respondent, v SHERWOOD A. SALVAN, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (David Saxe, J.), entered April 20, 1989, denying third-party defendant's motion for summary dismissal of the third-party complaint, is affirmed, without costs or disbursements.

On his motion for summary judgment, third-party defendant Sherwood Allen Salvan failed to meet his burden of demonstrating that defendant and third-party plaintiff Harvey Brown, a lawyer being sued by former clients for malpractice, does not have a viable claim for contribution against Salvan, who subsequently represented the client in the same matter *(see, Schauer v Joyce,* 54 NY2d 1). Additionally, Salvan failed to provide sufficient evidentiary proof that the underlying main action, in which he represented plaintiffs, was marked "off" the calendar within the meaning of CPLR 3404 in February of 1986, so as to require a motion to restore to the calendar *(see, e.g.,* 22 NYCRR 208.31).

We have considered the third-party defendant's other claims and find them to be without merit. Concur—Asch, Ellerin and Smith, JJ.

Murphy, P. J., and Carro, J., dissent in a memorandum by Carro, J., as follows: I would grant the motion by third-party defendant Sherwood Allen Salvan seeking summary judgment dismissing the third-party complaint. In this action for legal malpractice, it appears to me that there is no factual basis upon which defendant and third-party plaintiff Harvey Brown predicated his third-party action for contribution against Salvan. *(Cf., Schauer v Joyce,* 54 NY2d 1, 6-7 [1981].) Accordingly, I dissent.