■ DESIDERIO FERLISI et al., Plaintiffs, v JACKREL, KOPELMAN & RASKIN et al., Defendants and Third-Party Plaintiffs-Appellants. WEICHOLZ, PETERS & MILLER, et al., Third-Party Defendants-Respondents.—In an action to recover damages for legal malpractice, the defendants third-party plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Golden, J.), entered May 23, 1989, which, upon converting the motion of the third-party defendants to dismiss the third-party complaint to one for summary judgment, granted the motion, and (2) a judgment of the same court, entered June 7, 1989, which is in favor of the third-party defendants and against them dismissing the third-party complaint.

Ordered that the appeal from the order entered May 23, 1989 is dismissed; and it is further,

Ordered that the judgment entered June 7, 1989, is affirmed; and it is further,

Ordered that the third-party defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On July 12, 1984, the plaintiff Desiderio Ferlisi was injured while employed in the renovation of a New York City school building. He and his wife retained the defendant attorneys shortly after the accident took place. Thereafter, on January 10, 1986, the plaintiffs substituted the third-party defendants as their attorneys. The third-party defendants commenced an action against an individual contractor and a construction

company, which subsequently proved fruitless as the parties sued were not involved in the accident.

In December 1987, the plaintiffs commenced this action against their former attorneys, alleging legal malpractice in their failure to serve the statutory notice on the city and the Board of Education to preserve their claims against those potential defendants in a Labor Law suit *(see,* Labor Law §§ 220, 240, 241). The defendant former attorneys impleaded the plaintiffs' present attorneys, alleging that they had also breached their duty to the plaintiffs in failing to identify, and bring an action against, the general contractor.

The third-party defendants moved to dismiss the third-party complaint for failure to state a cause of action for contribution. After giving notice to the parties, the Supreme Court converted the motion to one for summary judgment *(see,* CPLR 3211 [c]), and the parties submitted further affidavits and documents in support of their respective positions. The Supreme Court ultimately granted judgment to the third-party defendants dismissing the third-party complaint.

We find that the Supreme Court properly dismissed the third-party complaint because there is no factual basis upon which the defendant former attorneys could predicate their action for contribution against the third-party defendants, the attorneys prosecuting the malpractice action *(cf., Schauer v Joyce,* 54 NY2d 1; *Butler v Primavera,* 164 AD2d 794). The motion papers reveal that, as attorneys, the third-party defendants exercised reasonable skill, care, attention and prudence in representing the plaintiffs' interests *(see, Grago v Robertson,* 49 AD2d 645, 646). While the former attorneys argue that suing the general contractor was an alternative remedy that could have been pursued, the decision to instead pursue the legal malpractice claim against the former attorneys for their failure to preserve the plaintiffs' right to sue the owners was a reasonable course of action *(see, Rosner v Paley,* 65 NY2d 736). Therefore, as the third-party defendants did not contribute to or aggravate the plaintiffs' damages arising from the former attorneys' alleged legal malpractice, the court properly dismissed that cause of action seeking contribution from them *(see, Ressis v Wojick,* 105 AD2d 565, 567; *Rosner v Paley, supra).* Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.