assert a cause of action against the City under General Municipal Law § 205-a. The internal Fire Department rule which the plaintiffs claim was violated cannot serve as a predicate for liability under General Municipal Law § 205-a since it neither imposes a clear legal duty nor constitutes part of a well-developed body of law and regulation with positive commands that mandate the performance or nonperformance of specific acts (see, Desmond v City of New York, 88 NY2d 455, 464; Von Ancken v City of New York, 245 AD2d 286).

However, the court improvidently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend their bill of particulars and the complaint to assert a cause of action to recover damages pursuant to General Municipal Law § 205-a against the defendant Mindy Trepel (see, Banfi Prods. Corp. v Gentile, 236 AD2d 348; see also, Roberts v Alexander's, Inc., 224 AD2d 677, 678). The court should have allowed the plaintiffs to amend their bill of particulars and the complaint to identify the statutes or ordinances which Mindy Trepel allegedly violated, and should not have granted that branch of Trepel's motion which was to dismiss the plaintiffs' cause of action to recover damages pursuant to General Municipal Law § 205-a on the ground that the plaintiffs failed to identify such statutes or ordinances.

The plaintiffs' common-law cause of action against Mindy Trepel is viable in light of the 1996 enactment of General Obligations Law § 11-106 (L 1996, ch 703) (see, Gregory v Armon, 240 AD2d 703; Carlson v Berg, 240 AD2d 692; Jones v Centerearch Assocs., 235 AD2d 397; Sikes v Reliance Fed. Sav., 234 AD2d 446; Gibbons v Ostrow, 234 AD2d 415).

The parties' remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.

■ KENNETH WILLIAMS, Respondent, v BRENTWOOD FARMERS MARKET, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. DAVID W. McCARTHY, Third-Party Defendant-Respondent. [683 NYS2d 134] —In an action, inter alia, to recover damages for fraud, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Suffolk County (Kitson, J.), entered September 19, 1997, which granted the motion by the third-party defendant to dismiss the third-party action pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion, which was to dismiss the cause of action to recover damages for contribution and substituting therefor a provision denying that branch of

the motion; as so modified, the order is affirmed, with costs to the defendants third-party plaintiffs.

The gravamen of the main complaint is that the plaintiff's employer, the defendant Brentwood Farmers Market, Inc., misrepresented to the plaintiff, *inter alia*, that it "did not have workers' compensation insurance to cover the injuries sustained by the plaintiff on November 2, 1990". At least as early as September 1992 the third-party defendant David W. McCarthy commenced his representation of the plaintiff. Although the two-year Statute of Limitations to claim compensation (*see,* Workers' Compensation Law § 28) had not yet run at the time that McCarthy was retained, he failed to take any steps to investigate the need to preserve the plaintiff's right to Workers' Compensation, and instead appears only to have commenced an action to recover damages for negligence, which would be barred by the exclusivity of the Workers' Compensation remedy. We accordingly conclude that the third-party defendant breached a duty which caused or augmented the injury for which contribution is sought, i.e., the forfeiture of the plaintiff's right to Workers' Compensation benefits (*see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603; *Taft v Shaffer Trucking,* 52 AD2d 255). Therefore, the third-party complaint stated a valid cause of action for contribution. Bracken, J. P., Santucci, Florio and McGinity, JJ., concur.

Copertino, J., dissents in part and votes to affirm the order in its entirety with the following memorandum: In my view, the third-party complaint fails to state a cause of action for contribution against the third-party defendant. Accordingly, I dissent in part and vote to affirm the order of the Supreme Court in its entirety.

The plaintiff alleges, *inter alia*, that the defendants fraudulently misrepresented that there was no Workers' Compensation insurance coverage for the injury that he sustained on November 2, 1990. The plaintiff further alleges that the defendants repeatedly represented that they were willing to pay for all of the medical expenses associated with his injuries, and warned him that he risked deportation in the event he elected to seek the advice of an attorney.

In reliance on the alleged misrepresentations concerning Workers' Compensation insurance, the plaintiff elected in October 1992 to commence a personal injury action (*see,* Workers' Compensation Law § 11). The plaintiff further alleges that subsequent to the expiration of the two year period of limitations for filing a Workers' Compensation claim (*see,* Workers' Compensation Law § 28), the defendants acknowledged that

his claim was, in fact, covered by Workers' Compensation insurance, such that he was precluded from prosecuting a personal injury action (*see,* Workers' Compensation Law § 11). In August 1996 the plaintiff commenced the instant action, *inter alia,* against the defendants to recover damages for fraud. (The record indicates that the plaintiff moved to consolidate the personal injury and fraud actions subsequent to the date of the order on appeal.)

In the context of the fraud action, the defendants commenced a third-party action against the plaintiff's attorney, alleging that, "in failing to advise the Plaintiff of his remedies pursuant to the Workers' Compensation Law, he is the sole proximate cause of plaintiff *[sic]* damages". Based on this allegation, the defendants seek indemnity and contribution from the third-party defendant. The Supreme Court granted the third-party defendant's motion to dismiss the third-party complaint on the ground that it failed to state a cause of action. At issue here is whether the third-party complaint states a cause of action for contribution. (The defendants do not seriously dispute the Supreme Court's determination that they failed to state a cause of action for indemnity.)

Initially, it should be noted that the third-party complaint does not allege that the third-party defendant's conduct fell below the degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community. Accordingly, it fails to state a cause of action to recover damages for legal malpractice by the third-party defendant (*see, Raphael v Clune, White & Nelson,* 201 AD2d 549; *Greene v Payne, Wood & Littlejohn,* 197 AD2d 664), and, therefore, states no basis for contribution (*see,* CPLR 1401).

Even with the benefit of a very liberal reading (*see, e.g., MacGilvray v Denino,* 149 AD2d 571), the third-party complaint does not establish a factual basis for the defendants' claim for contribution. In light of the defendants' misrepresentations with regard to Workers' Compensation coverage, the third-party defendant was faced with a choice between filing a Workers' Compensation claim or commencing a personal injury action (*see,* Workers' Compensation Law § 11). Selection among reasonable courses of action does not constitute legal malpractice (*see, Rosner v Paley,* 65 NY2d 736, 738; *Ferlisi v Jackrel, Kopelman & Raskin,* 167 AD2d 502).

As noted by the Supreme Court, the imposition of liability on the third-party defendant for contribution would require a determination that he breached a duty owed to the plaintiff by failing to investigate the facts as presented to him by the

plaintiff. As a general rule, however, an attorney is under no duty to a client to investigate the truth or falsity of facts furnished by the client (*see, e.g., Harline v Barker,* 854 P2d 595, 599 [Utah]; *Dixon v Perlman,* 528 So 2d 637, 643 [La]). Moreover, success by the plaintiff on his fraud claims would require a determination that reliance on the defendants' misrepresentations was reasonable (*see, CPC Intl. v McKesson Corp.,* 70 NY2d 268, 285; *Silver Assocs. v Baco Dev. Corp.,* 245 AD2d 96).

The facts of this case are distinguishable from those in *Taft v Shaffer Trucking* (52 AD2d 255). In that case the plaintiff's attorney failed to bring a timely personal injury action arising from an automobile accident, relying on representations by the culpable defendant's insurer that a settlement would be forthcoming. When the plaintiff sued the insurance company for fraudulently misrepresenting its intention to settle, the insurance company brought a third-party action against the plaintiff's attorney, alleging that the attorney's negligence in failing to bring a timely action contributed to the damages sustained by the plaintiff. The majority of the Appellate Division, Fourth Department, sustained the third-party complaint, holding that plaintiff's attorney could be found to have been concurrently negligent in failing to preserve the plaintiff's claim in the event the settlement did not materialize.

Unlike *Taft,* which involved an attorney's inaction, the third-party defendant in this case chose between reasonable legal strategies. This strategic decision, which can be deemed an error in judgment only when illuminated by hindsight, cannot be the basis of a malpractice claim (*see, Rosner v Paley, supra; Ferlisi v Jackrel, Kopelman & Raskin, supra*). Moreover, there is something fundamentally unfair in permitting the defendants to benefit from their deceit by shifting the plaintiff's damages to his attorney. Accordingly, I conclude that the Supreme Court properly dismissed the third-party complaint in its entirety.