■ BOARD OF MANAGERS OF THE 60 GREENE CONDOMINIUM, on Behalf of All Unit Owners, Appellant-Respondent, v ACACIA SoHo, LLC, Respondent-Appellant. [880 NYS2d 643]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered February 28, 2008, which denied the parties' respective motions for summary judgment and granted that branch of plaintiff's cross motion as sought leave to amend the complaint, unanimously affirmed, without costs.

Plaintiff is a residential condominium; defendant corporate unit owner purchased from the sponsor the right to develop a roof-top unit in formerly common space. In a first amendment to the offering plan, the sponsor indicated its intention to develop the penthouse and agreed that, within 60 days after obtaining city approval for the construction, it would amend the pertinent declaration so as to reflect the reallocation of common shares resulting from the addition of the penthouse to the building. After the sponsor sold its rights to the roof to defendant, it filed a fifth amendment disclosing the sale and stating that the common charges would be reallocated upon, inter alia, the City's issuance of a temporary certificate of occupancy for the penthouse. Separately, in a so-called contribution agreement, defendant agreed to undertake roof work for which plaintiff agreed to make a cash payment to defendant.

Supreme Court correctly found an issue of fact as to defendant's liability for common charges that accrued prior to the issuance of the temporary certificate of occupancy. The first amendment contrasts with the fifth amendment in that only the latter has language making the reallocation of common interests self-effecting and automatic. A later agreement, however, specified that the obligation outlined in the first amendment belonged to the sponsor or its designee, and the fifth amendment named defendant as the sponsor's designee. Plaintiff argues that the fifth amendment merely determines when defendant became liable for the common charges, but that the first amendment still controls as to which common charges

are owed, while defendant argues that the 60-day provision in the first amendment merely refers to the sponsor's obligation to amend the declaration. Because, taken together with the various agreements and declarations, the offering plan as amended can be parsed in two different, equally logical ways (*see Schechter Assoc. v Major League Baseball Players Assn.*, 256 AD2d 97, 97 [1998]), summary judgment was properly denied to both sides on this cause of action. Defendant's argument that the claims are time-barred is without merit.

Both sides agree that defendant's counterclaim based on the contribution agreement should go to trial. Plaintiff's attempt to broaden the scope of the court's inquiry on this issue is without merit. The agreement specifies that plaintiff's payment is in "consideration of" defendant's "agreement to include certain waterproofing protection" to the penthouse floor, and there is no indication that the payment was to be in consideration of any other work.

The amended complaint (which is absent from the record, apparently due to defendant's counsel's representation to plaintiff's counsel that defendant's appeal would not be pursued) was accompanied by evidentiary material that included a detailed affidavit from plaintiff's engineering expert. We decline to disturb Supreme Court's exercise of discretion in granting leave to serve the amended complaint. The action is still in an early stage (*see Kocak v Egert*, 280 AD2d 335, 336 [2001]), and there is no "indication that the defendant has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [2007] [internal quotation marks omitted]). Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ. [*See* 2008 NY Slip Op 30600(U).]