U.S. Bank National Association, as Trustee for Asset-Backed Pass-Through Certificates, Series 2006-HEI, Plaintiff, v Alan C. Stein, Esq., et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. Steven J. Baum, P.C., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [917 NYS2d 669]—

In an action, inter alia, to recover damages for legal malpractice, the third-party defendant Steven J. Baum, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered December 10,

2009, as denied that branch of its motion, made jointly with the third-party defendant Steven J. Baum, which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, represented by Steven J. Baum, P.C., and Steven J. Baum, commenced an action against, among others, Alan C. Stein, Gastwirth, Mirsky & Stein, LLP, and Law Office of Alan C. Stein, P.C. (hereinafter collectively the Stein defendants), to recover damages for, inter alia, legal malpractice in connection with the recording of a certain mortgage. The Stein defendants, who had previously represented the plaintiff's predecessor in interest, commenced a third-party action against Steven J. Baum, P.C., and Steven J. Baum for contribution and/or indemnification. Subsequently, the third-party defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint. The Supreme Court, among other things, denied that branch of the motion which was to dismiss the third-party complaint insofar as asserted against Steven J. Baum, P.C. We affirm the order insofar as appealed from.

"Upon a motion to dismiss [for failure to state a cause of action], the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail" (*Maurillo v Park Slope U-Haul*, 194 AD2d 142, 145 [1993]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[T]he court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Morales v AMS Mtge. Servs., Inc.*, 69 AD3d 691, 692 [2010]).

The Supreme Court properly determined that the Stein defendants stated a cause of action against the third-party defendant Steven J. Baum, P.C., by asserting, among other things, that Steven J. Baum, P.C., failed to timely correct the legal errors allegedly committed by the Stein defendants in their representation of the plaintiff's predecessor in interest, despite having sufficient time and an opportunity to do. The third-party complaint alleged sufficient facts which, if true, would establish that Steven J. Baum, P.C., may be liable to the Stein defendants for causing or contributing to the plaintiff's alleged damages (*see*

*Schauer v Joyce*, 54 NY2d 1, 6 [1981]; *see also Frederick v Meighan*, 75 AD3d 528, 532 [2010]). Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.