■ BLANK ROME, LLP, Respondent/Third-Party Plaintiff-Respondent, v KARL L. PARRISH, Respondent. BOUCHARD MARGULES & FRIEDLANDER, P.A., et al., Third-Party Defendants-Appellants. [938 NYS2d 284]—

Insofar as the third-party and proposed amended third-party complaints allege that BMF represented defendant, agreed to represent him with respect to the issues giving rise to the legal malpractice alleged in defendant's counterclaims, and that BMF was negligent with respect to such representation, the motion court properly declined to dismiss Blank Rome's third-party claims for contribution since this cause of action was sufficiently pleaded (see Schauer v Joyce, 54 NY2d 1, 5 [1981] ["two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them"] [internal quotation marks omitted]). However, the motion court erred when it denied

BMF's motion to the extent it sought to dismiss the third-party cause of action for indemnification. In order to recover on a claim for common law indemnification, "the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident for which the indemnitee was held liable to the injured party by virtue of some obligation imposed by law" (*Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]). Here, insofar as neither the third-party nor proposed amended third-party complaint assert that Blank Rome, LLP's liability is solely statutory and not based upon its own negligence, they fail to state a cause of action for common law indemnification. Blank Rome also fails to state a cause of action for contractual indemnification since "[a] party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987] [internal quotation marks omitted]; *Masciotta v Morse Diesel Intl.*, 303 AD2d 309, 310 [2003]). Here, neither the third-party nor the proposed amended third-party complaint identifies any agreement, let alone alleges that BMF ever agreed to indemnify Blank Rome, LLP for any legal malpractice committed in the course of its representation of the defendant.

With respect to Blank Rome, LLP's cause of action for contribution, since the allegations within the proposed amended third-party complaint have merit and there has been no showing of prejudice, the motion court providently exercised its discretion in granting leave to amend the third-party complaint (*see Board of Mgrs. of 60 Greene Condominium v Acacia SoHo, LLC*, 63 AD3d 516, 517 [2009]).

We have considered BMF's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30712(U).]**