■ AQUA NY OF SEA CLIFF et al., Appellants, v BUCKEYE PIPELINE COMPANY, L.P., et al., Respondents. [989 NYS2d 373]—

In an action, inter alia, to recover damages for strict products liability and negligence, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered September 6, 2012, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging strict products liability and failure to warn.

Ordered that the order is affirmed insofar as appealed from, with costs.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether from the complaint's "four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643, 649 [2011]; *Fishberger v Voss*, 51 AD3d 627 [2008]). Although the facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Gershon v Goldberg*, 30 AD3d 372 [2006]), "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Riback v Margulis*, 43 AD3d 1023, 1023 [2007]; *see Baron v Galasso*, 83 AD3d 626, 628 [2011]), nor are legal conclusions or factual claims which are inherently incredible (*see Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430 [2005]). Applying the above principles here, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging strict products liability and failure to warn.

The plaintiffs' remaining contentions are either without merit or not properly before this Court (*see Fucile v L.C.R. Dev., Ltd.*,

102 AD3d 915 [2013]). Dillon, J.P., Lott, Austin and Barros, JJ., concur.