(October 8, 2014)

■ GERALYN ALVA et al., Plaintiffs, v GAINES, GRUNER, PONZINI & NOVICK, LLP, et al., Defendants/Third-Party Plaintiffs-Appellants. ROBERT B. MARCUS, P.C., et al., Third-Party Defendants-Respondents. [995 NYS2d 77]—

In an action to recover damages for legal malpractice, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), dated October 2, 2012, which granted the third-party defendants' motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint, and denied their cross motion for leave to amend the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs, Geralyn Alva and James Alva (hereinafter together the Alvas), retained Atzl, Scatassa & Zigler, Land Surveyors, P.C. (hereinafter Atzl), to perform land surveying work on a vacant lot in Tomkins Cove, New York. The work was performed in November 2005. Due to an alleged error in the work, the Alvas withheld payment. Atzl returned to the Alvas' lot on April 13, 2006, and performed additional work. Atzl did not charge the Alvas for the work performed in April 2006, but continued to bill for the November 2005 work. In March 2008, the Alvas retained the defendant/third-party plaintiff Gaines,

Gruner, Ponzini & Novick, LLP, to represent them in connection with a claim to recover damages for injury to property that they allegedly sustained as a result of Atzl's negligence. On or about February 5, 2009, Gaines, Gruner, Ponzini & Novick, LLP, referred the Alvas' case to the third-party defendant Robert B. Marcus, P.C.

On February 20, 2009, the Alvas, represented by the third-party defendants Robert B. Marcus, P.C., and Robert Marcus (hereinafter together the Marcus attorneys), commenced an action against Atzl to recover damages for injury to property, based on professional malpractice (hereinafter the underlying action). The complaint alleged two separate causes of action, referable to the November 2005 work and the April 2006 work, respectively. Atzl moved to dismiss the first cause of action on the ground that it was barred by the applicable three-year statute of limitations. In opposing the motion, the Marcus attorneys argued on behalf of the Alvas that the parties engaged in a continuous professional relationship, and that continuous professional services were rendered in connection with the issue that was the subject of the underlying action. In an order dated August 17, 2009, the Supreme Court granted Atzl's motion to dismiss the first cause of action in the underlying action.

Thereafter, the Alvas commenced the instant action against Gaines, Gruner, Ponzini & Novick, LLP, and Ted Alan Novick (hereinafter together the GGP&N defendants) to recover damages for legal malpractice, alleging that the GGP&N defendants failed to timely commence the underlying action against Atzl, and referred the case to outside counsel after the statute of limitations had already expired on the majority of the Alvas' claims. Subsequently, the GGP&N defendants commenced a third-party action against the Marcus attorneys for contribution and common-law indemnification. The Marcus attorneys moved to dismiss the third-party complaint pursuant to CPLR 3211 (a) (1) and (7). The GGP&N defendants cross-moved for leave to amend the third-party complaint. The Supreme Court granted the Marcus attorneys' motion, and denied the cross motion. We affirm.

"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909, 909 [2012], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]).

The Supreme Court properly determined that the GGP&N defendants failed to state a cause of action against the Marcus attorneys for contribution. The third-party complaint failed to allege sufficient facts which, if true, would establish that any legal malpractice committed by the Marcus attorneys proximately caused the Alvas to sustain actual damages, thus rendering the Marcus attorneys liable to the GGP&N defendants for contribution. The GGP&N defendants allegedly allowed the statute of limitations to run on the cause of action arising from Atzl's November 2005 work before referring the case to the Marcus attorneys. The GGP&N defendants alleged that the Marcus attorneys could have cured this error by including only one cause of action in the underlying action that would have encompassed all of Atzl's visits to the subject property in November 2005 and April 2006. The GGP&N defendants further asserted that such a cause of action would have been deemed timely and, thus, would have survived a motion to dismiss in the underlying action. However, this assertion is a bare legal conclusion, which we do not deem to be true on the instant motion pursuant to CPLR 3211 (a) (*see Aqua NY of Sea Cliff v Buckeye Pipeline Co., L.P.*, 119 AD3d 829 [2014]). Accordingly, the third-party complaint failed sufficiently to allege that any malpractice on the part of the Marcus attorneys proximately caused the Alvas to sustain ascertainable damages, rendering the Marcus attorneys liable for contribution (*see Rosner v Paley*, 65 NY2d 736, 737 [1985]; *Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d 767, 769 [2014]; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 786, 786 [1983]; *cf. U.S. Bank N.A. v Stein*, 81 AD3d 927, 928 [2011]; *Williams v Brentwood Farmers Mkt.*, 256 AD2d 613, 614 [1998]). The Supreme Court also properly determined that the GGP&N defendants failed to state a cause of action against the Marcus attorneys for common-law indemnification, since the Alvas did not seek to hold the GGP&N defendants responsible for another's wrong, but directly charged the GGP&N defendants with negligence in allowing the statute of limitations to expire in connection with the claims based on Atzl's November 2005 conduct (*see Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d at 769; *Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d at 910; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d at 786-787; *Blank Rome, LLP v Parrish*, 92 AD3d 444, 445 [2012]).

Accordingly, the Supreme Court properly granted the Marcus attorneys' motion to dismiss the third-party complaint.

The GGP&N defendants' remaining contention is without merit. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.