Katz v Blau (2019 NY Slip Op 04922)





Katz v Blau


2019 NY Slip Op 04922


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-07246
 (Index No. 23244/12)

[*1]Zvi Katz, appellant, et al., plaintiff, 
v
Mendy Blau, et al., respondents.


Victor A. Worms, New York, NY, for appellant.
Mark S. Friedlander, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff Zvi Katz appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), entered May 24, 2016. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants on the causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress, in effect, granted that branch of the defendants' cross motion which was pursuant to CPLR 5015(a) to vacate their default, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss those causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action in December 2012, alleging, inter alia, that plaintiff Menachem Mendel Katz (hereinafter Menachem) had been admitted to the United Lubavitcher Yeshiva and that the defendants wrongfully prevented Menachem from attending the Yeshiva. Subsequently, the plaintiffs filed an amended complaint in February 2013, and a second amended complaint in November 2014. In the second amended complaint, the plaintiffs asserted, among others, causes of action to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. The defendants did not timely interpose an answer or otherwise appear in the action. In January 2015, the plaintiffs moved pursuant to CPLR 3215 for leave to enter a default judgment. The defendants cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate their default and pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint. In the order appealed from, the Supreme Court, among other things, denied the plaintiffs' motion for leave to enter a default judgment, in effect, granted that branch of the defendants' cross motion which was pursuant to CPLR 5015(a) to vacate their default, and granted that branch of the defendants' cross motion which was to dismiss the second amended complaint. We affirm the order insofar as appealed from.
On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default (see CPLR 3215[f]; First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 864; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651). "A plaintiff must allege enough facts to enable the court to determine that a viable cause of action [*2]exists" (Roy v 81E98th KH Gym, LLC, 142 AD3d 985, 985; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). " Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default'" (Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 29 AD3d 930, 932, quoting Green v Dolphy Constr. Co., 187 AD2d 635, 636; see Abrahams v Commonwealth Land Tit. Ins. Co., 120 AD3d 1165, 1166; Venturella-Ferretti v Ferretti, 74 AD3d 792, 793).
Here, the plaintiffs' motion papers failed to set forth sufficient facts to enable the Supreme Court to determine the existence of viable causes of action to recover damages for breach of contract (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182), breach of the implied covenant of good faith and fair dealing (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 319-320), and intentional infliction of emotional distress (see Murphy v American Home Prods. Corp., 58 NY2d 293, 298, 303). Accordingly, we agree with the court's determination to deny those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants on those causes of action.
Further, as the defendants set forth a reasonable excuse for their default and a potentially meritorious defense to the action, we agree with the Supreme Court's determination, in effect, to grant that branch of the defendants' cross motion which was pursuant to CPLR 5015(a) to vacate their default and to consider, inter alia, the merits of that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss those same causes of action in the second amended complaint (see CPLR 2004; Felix v Thomas R. Stachecki Gen. Contr., LLC, 107 AD3d 664, 666; Lolly v Brookdale Hosp. Med. Ctr., 37 AD3d 428, 428).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the alleged facts in the complaint as true, accord the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Aviaev v Nissan Infiniti LT, 150 AD3d 807, 807-808; Baron v Galasso, 83 AD3d 626, 627-628). However, "bare legal conclusions are not presumed to be true" (Khan v MMCA Lease, Ltd., 100 AD3d 833, 833; see Aqua NY of Sea Cliff v Buckeye Pipeline Co., L.P., 119 AD3d 829, 829; Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021). Here, we agree with the court's determination that the second amended complaint failed to state a cause of action against the defendants to recover damages for breach of contract (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 181-182), breach of the implied covenant of good faith and fair dealing (see New York Univ. v Continental Ins. Co., 87 NY2d at 319-320), and intentional infliction of emotional distress (see Murphy v American Home Prods. Corp., 58 NY2d at 298, 303). Accordingly, we agree with the court's determination to grant dismissal of those causes of action.
The plaintiff's remaining contentions either are not properly before this Court or need not be reached in view of the foregoing determination.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court