■ JOSEPH R. FEENEY, Respondent, v FRANK LICARI, Doing Business as SENGA MARINE & AVIATION, et al., Appellants.—In an action to recover damages for breach of contract and for attorneys' fees, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 23, 1985, which denied their motion to dismiss the complaint and deferred ruling on their application for attorneys' fees.

Ordered that the order is reversed, on the law, with costs, that branch of the motion seeking dismissal of the complaint on the ground of res judicata is granted, and that branch of the motion seeking an award of attorneys' fees is denied.

The judgment issued by the District Court of the County of Suffolk, Third Judicial District, in a previous action based upon the same transaction and alleging similar facts as the complaint in this action was entered on the plaintiff's default

(see, CPLR 3215 [a]). Since a default judgment is a judgment on the merits (see, Walston & Co. v Klein, 44 Misc 2d 607, 608, affd 24 AD2d 559; Siegel, NY Prac § 451, at 597), the instant action must be dismissed on the ground of res judicata (see, CPLR 3211 [a] [5]). In his complaint in this action the plaintiff also asserted a cause of action for attorneys' fees not pleaded in the previous action but which could have been pleaded in that action. Thus, that cause of action is also precluded by the doctrine of res judicata (see, Gargiulo v Oppenheim, 95 AD2d 484, 492, affd 63 NY2d 843).

With respect to the defendants' demand for attorneys' fees, it is well settled that attorneys' fees may not be awarded in the absence of a statute expressly authorizing their recovery, or an agreement or stipulation to that effect by the parties (see, Donn v Sowers, 103 AD2d 734, lv denied 63 NY2d 609), and the instant suit does not fall within the narrow exception to the general rule set out in Mighty Midgets v Centennial Ins. Co. (47 NY2d 12); nor are the defendants entitled to attorneys' fees as a sanction (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1).

The defendants' remaining contention is without merit. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.