■ PETER HERKRATH, Plaintiff, v GAFFIN & MAYO, P. C., et al., Respondents and Third-Party Plaintiffs-Respondents. MARK GROSSMAN, Third-Party Defendant-Appellant. [597 NYS2d 34] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered August 14, 1992, which, *inter alia,* denied the respective motions by third-party defendant Mark Grossman for summary judgment pursuant to CPLR 3212 and to dismiss for failure to proceed with discovery the third-party

complaint by defendants and third-party plaintiffs Gaffin & Mayo, P. C., Dudley Gaffin and Saul Rudes ("the Gaffin Defendants"), and which granted the motion by the Gaffin Defendants pursuant to CPLR 3126 and 3042 (c) to strike the plaintiff's complaint and Grossman's answer and/or to compel disclosure to the extent of directing Grossman to appear for a court-ordered deposition, unanimously affirmed, with costs.

The IAS Court properly determined that third-party defendant Grossman's motion for summary judgment dismissing the third-party complaint was precluded by triable issues of fact with respect to Grossman's role, if any, as plaintiff's counsel, in causing or exacerbating plaintiff's damages in the underlying legal malpractice action, and with respect to the viability of the Gaffin Defendants' third-party claim for contribution as against Grossman for plaintiff's ultimate injury since it is well settled that an attorney sued for malpractice may bring a third-party complaint seeking indemnity or contribution against a subsequently retained attorney whose negligence has contributed to or aggravated the plaintiff's damages. *(Schauer v Joyce,* 54 NY2d 1; *Hansen v Brognano,* 137 AD2d 880, 881.)

We have reviewed third-party defendant Grossman's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.