■ BARBARA SHERMAN, Respondent, v ALAN P. ANSELL et al., Defendants, and DIANE C. CARROLL, Defendant and Third-Party Plaintiff-Appellant. JOSEPH A. MILLIGAN, Third-Party Defendant-Respondent. [616 NYS2d 90] —In an action, *inter alia*, to recover damages for legal malpractice, the defendant third-party plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated September 25, 1992, as denied her cross motion for summary judgment and for disqualification of the third-party defendant as attorney for the plaintiff, and granted the third-party defendant's cross motion to dismiss the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Because the issue of whether an attorney's conduct constitutes legal malpractice normally requires that factual determinations be made by a jury based upon expert testimony *(see, Drab v Baum,* 114 AD2d 992), the defendant third-party plaintiff's motion for summary judgment was properly denied.

There is no merit to the appellant's claim that the plaintiff was barred by res judicata or collateral estoppel from suing to recover damages for legal malpractice because she failed to counterclaim for such relief in an earlier action brought by the defendant Ansell for unpaid attorneys' fees. As a general rule, a judgment on the merits by a court of competent jurisdiction is res judicata and "forecloses a party from relitigating a cause of action which was the subject matter of a former lawsuit or from raising issues or defenses that might have been litigated in the first suit" *(Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143, 144). Collateral estoppel permits the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481; *see also, Smith v Russell Sage Coll.,* 54 NY2d 185; *Coleman v Chaibane Props.,* 188 AD2d 413; *Feeney v Licari,* 131 AD2d 539; *Kossover v Trattler,* 82 AD2d 610). These bars have been held to apply to actions sounding in malpractice and/or to recoup excessive fees where the client has not raised such issues as defenses in a prior action brought against him or her for unpaid charges *(see, e.g.,*

*Altamore v Friedman,* 193 AD2d 240; *Feeney v Licari, supra; Chisholm-Ryder Co. v Sommer & Sommer, supra).*

Here, however, the Ansell firm sued Sherman for $6,100 in unpaid legal fees in January 1991, but Sherman could not have discovered the Ansell firm's alleged malpractice until July 23, 1991. It was only on the latter date, when the marital residence was sold, that Sherman discovered that the Ansell attorneys had not bound her husband's parents to accept $20,000 in satisfaction of the $56,000 mortgage that they held, as she had believed would be done when she signed the stipulation of settlement in her underlying matrimonial action. Sherman was, therefore, unaware of the Ansell firm's alleged malpractice in sufficient time to have the matter litigated in the action by the Ansell law firm for unpaid legal fees.

Since Milligan, the attorney who subsequently represented the plaintiff, did not contribute to or aggravate the plaintiff's injuries, the Supreme Court properly dismissed the third-party complaint seeking contribution from him *(see, Schauer v Joyce,* 54 NY2d 1, 5; *see also, Herkrath v Gaffin & Mayo,* 192 AD2d 487; *Ferlisi v Jackrel, Kopelman & Raskin,* 167 AD2d 502). Finally, the appellant failed to meet her burden of establishing that disqualification was proper, inasmuch as she did not explain why Milligan's testimony, limited in scope to a discussion of the events occurring after the alleged malpractice, was, in fact, "necessary" *(see, Frias v Frias,* 155 AD2d 585; *Cicero & Pastore Assocs. v Patchogue Nursing Ctr.,* 149 AD2d 647; *Burmax Co. v B & S Indus.,* 135 AD2d 599). Accordingly, the Supreme Court properly denied the appellant's motion to disqualify Milligan from serving as the plaintiff's attorney.

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.