■ RONALD HART et al., Appellants, v CARRO, SPANBOCK, KASTER & CUIFFO, Respondent. [620 NYS2d 850] —In an action to recover damages, inter alia, for legal malpractice the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered May 28, 1993, as, upon reargument, adhered to its prior determination in an order dated November 10, 1992, denying their motion for partial summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the order dated November 10, 1992, is vacated, and the plaintiffs' motion for partial summary judgment is granted.

The factual background of this case is set forth in the companion appeal, Hart v Carro, Spanbock, Kaster & Cuiffo (211 AD2d 617 [decided herewith]).

The Supreme Court improperly denied the plaintiffs' motion for partial summary judgment on their cause of action to recover damages for legal malpractice against the defendant Carro, Spanbock, Kaster & Cuiffo (hereinafter Carro) in con-

nection with the sales of the Whitfield and Sunward Villas parcels of Bahamian real estate. The court's ruling is inconsistent with its prior order dated January 31, 1992, in which it granted the plaintiffs' prior motion for partial summary judgment in connection with the sale of a third piece of Bahamian property known as the "ABT parcel". In explaining the inconsistency between the two orders, the court noted that the Whitfield and Sunward Villas parcels were not sold until years after the stock transaction in which these properties where pledged as security. The court further noted that the record raised critical questions concerning the plaintiff Ronald Hart's knowledge of and alleged participation in the defendant's efforts to secure and/or prevent the transfer of these two remaining parcels of the Bahamian Collateral after the closing on the stock transaction.

The court focused on the wrong inquiry. Ronald Hart's participation in the defendant's post-closing efforts to prevent the transfer of these parcels is immaterial because the subject parcels were never available as collateral to secure the plaintiffs' financial interests, either before or after the closing. That is so because the injury-producing event, the defendant's original misstructuring of the Stock Purchase Agreement (hereinafter SPA) in 1982, forever foreclosed that possibility. Specifically, under the SPA the plaintiffs acquired "pledged shares" in the Bahamian corporations that owned the real estate. A Bahamian attorney retained by the trust concluded that, under Bahamian law, these pledged shares did not secure any interest in the corporations or in the real estate. Thus, there were no post-closing steps that could have been taken to protect the plaintiffs' interests in the Whitfield and Sunward Villas properties.

Accordingly, since the Supreme Court found in its January 31, 1992, order that Carro had committed legal malpractice in connection with the sale of the ABT parcel, the court should have granted the plaintiff's motion for partial summary judgment with respect to the Whitfield and Sunward Villas parcels. Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.