■ Catherine M. LaPorte, Plaintiff, v Richard L. Mott, Defendant and Third-Party Plaintiff-Respondent. Schrade & Heinrichs et al., Third-Party Defendants-Appellants. [642 NYS2d 418] —Mercure, J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 16, 1995 in Columbia County, which, inter alia, denied third-party defendants' motion to dismiss the third-party complaint for failure to state a cause of action.

Defendant and third-party plaintiff, Richard L. Mott, was plaintiff's attorney in her divorce action against her former husband, Richard LaPorte. That action was resolved by a July 1988 stipulation of settlement providing, as relevant here, that

plaintiff forgive maintenance arrears and waive any right to distribution of an interest in LaPorte's business, Capital Valley Contracting, Inc., in exchange for LaPorte's agreement to pay plaintiff $40,000 over a 15-year period, the indebtedness to be secured by a mortgage on Capital Valley's real estate holdings in Columbia County.

In August 1991, following LaPorte's default in making certain of the scheduled payments, plaintiff engaged third-party defendant Schrade & Heinrichs, a partnership of third-party defendants Karl H. Schrade and Donna B. Heinrichs, attorneys (hereinafter collectively referred to as Schrade & Heinrichs), to collect on LaPorte's obligation. In the course of its representation of plaintiff, Schrade & Heinrichs discovered that the stipulated mortgage had never been recorded and that Capital Valley had conveyed its Columbia County real estate to Albert Pugliese, free and clear of any lien in favor of plaintiff. Plaintiff then commenced this action to recover for Mott's alleged malpractice in failing to insure that the mortgage was executed and recorded so as to secure LaPorte's indebtedness to plaintiff, alleging damages equal to the unpaid balance of the indebtedness, plus interest.

In September 1991, plaintiff brought an action against LaPorte, Pugliese and Capital Valley seeking to set aside the conveyance to Pugliese or to impose a constructive trust on the property conveyed to him. Plaintiff obtained a default judgment against LaPorte and Capital Valley in the amount of $40,669.95. In January 1992, LaPorte and Capital Valley filed petitions under chapter 7 of the Bankruptcy Act (11 USC ch 7). Plaintiff, still represented by Schrade & Heinrichs, appeared in the bankruptcy proceedings and unsuccessfully sought to prevent the discharge of LaPorte's indebtedness to her.

Finally, in December 1994, Mott commenced a third-party action against Schrade & Heinrichs for, *inter alia*, contribution, alleging that errors committed in the course of its representation of plaintiff in the bankruptcy proceedings contributed to plaintiff's damages. Schrade & Heinrichs moved to dismiss the third-party action for failure to state a cause of action and also sought an award of sanctions and counsel fees. Supreme Court denied the motion, and Schrade & Heinrichs now appeals.

We reject the arguments advanced by Schrade & Heinrichs in support of its contention that the third-party complaint fails to state a cause of action against it and, accordingly, affirm. We first note that, in order to state a valid cause of action for contribution, it is not necessary that Mott's claim against

Schrade & Heinrichs arise out of the rendition of legal services in the very same proceeding or transaction as those provided by Mott. To the contrary, it suffices that Schrade & Heinrichs' breach of duty merely had a part in causing or augmenting the injury for which contribution is sought (*see*, CPLR 1401; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603; *Schauer v Joyce*, 54 NY2d 1). In this case, plaintiff's central complaint does not arise out of her divorce action. Rather, it results from her inability to collect the money that LaPorte agreed to pay her in the July 1988 stipulation of settlement. To the extent that there remained an avenue for collection of all or a portion of LaPorte's indebtedness at the time of the bankruptcy proceedings, which was foreclosed by Schrade & Heinrichs' alleged malpractice, the latter may be found to have contributed to or augmented plaintiff's damages (*see*, *Herkrath v Gaffin & Mayo*, 192 AD2d 487, 488; *cf.*, *Hart v Carro, Spanbock, Kaster & Cuiffo*, 211 AD2d 620, 621 [injury-producing event had already occurred and the plaintiff's possibility of recovery was "forever foreclosed" prior to rendition of subject legal services]).

Further, accepting the truth of the facts alleged in the third-party complaint, according Mott the benefit of every possible favorable inference and determining only whether the allegations fit within any cognizable legal theory (*see*, *Leon v Martinez*, 84 NY2d 83, 87-88; *Blank v Blank*, 222 AD2d 851, 852), we conclude that Mott has adequately pleaded a malpractice cause of action against Schrade & Heinrichs. Schrade & Heinrichs' remaining contentions have been considered and also found unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.