JULIE SOUSSIS, Plaintiff, v LAZER, APTHEKER, ROSELLA & YEDID, P.C., et al., Defendants and Third-Party Plaintiffs-Respondents, et al, Defendant. BENJAMIN VINAR, Third-Party Defendant-Appellant. [887 NYS2d 659]—

In an action to recover damages for legal malpractice, the third-party defendant, Benjamin Vinar, appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered June 4, 2008, which denied his motion for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-

party defendant which was for summary judgment dismissing so much of the third-party complaint as sought to recover damages for failure to seek leave to amend an arbitration claim to add a claim for employment discrimination and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff retained the defendant law firm, Lazer, Aptheker, Rosella & Yedid, P.C. (hereinafter the Lazer firm), in connection with her claims for unpaid commissions and unreimbursed expenses, alleging employment discrimination against her former employer, Stephens, Inc. (hereinafter Stephens), a member of the New York Stock Exchange. The defendant Mark Goidell, the member of the Lazer firm who handled the plaintiff's case, commenced an arbitration proceeding on her behalf with respect to, among other claims, the claims for unpaid commissions and unreimbursed expenses but not with respect to her employment discrimination claim. It is undisputed that Goidell failed to bring a federal or state action against Stephens on the plaintiff's behalf before the statute of limitations applicable to the employment discrimination claim expired. The plaintiff retained the third-party defendant Benjamin Vinar to commence the instant action against the Lazer firm, Goidell, and two partners in the firm, David Lazer and Ralph A. Rosella, to recover damages for legal malpractice. While represented by Vinar, the plaintiff settled her arbitration claims against Stephens.

Subsequently, the Lazer firm, David Lazer, and Rosella (hereinafter together the Lazer defendants) impleaded Vinar, asserting claims for contribution and/or indemnification. They alleged that Vinar was negligent in settling the plaintiff's arbitration claims. Specifically, they alleged that Vinar was negligent in failing to seek leave to amend the plaintiff's statement of claim in the arbitration proceeding to add the employment discrimination claim. They also alleged that Vinar was negligent in failing to seek reformation of the National Association of Securities Dealers, Inc., Form U-5 (hereinafter the U-5), provided by the plaintiff's employer to remove an allegedly false or defamatory statement contained therein regarding the reason for the termination of her employment. As a result of Vinar's alleged negligence, the Lazer defendants claimed that they sustained damages in that, inter alia, the plaintiff was unable to mitigate the damages she sought from them in the form of future lost earnings by obtaining comparable employment in the securities industry. The Supreme Court denied Vinar's motion for summary judgment dismissing the third-party complaint. We modify.

Vinar established his prima facie entitlement to judgment as

a matter of law by demonstrating that the time-barred employment discrimination claim could not have been asserted in the arbitration proceeding. In opposition, the Lazer defendants failed to raise a triable issue of fact. Their expert affidavit was insufficient to show that Vinar's alleged negligence in failing to seek leave to amend the arbitration claim to add the employment discrimination claim was a proximate cause of the failure to have the employment discrimination claim heard by an appropriate tribunal, and that the plaintiff would have prevailed on it in any event (*see Barnett v Schwartz,* 47 AD3d 197, 203-204 [2007]; *Bauza v Livington,* 40 AD3d 791,793 [2007]; *Leder v Spiegel,* 31 AD3d 266, 268 [2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US —, 128 S Ct 1696 [2008]). Furthermore, the Lazer defendants failed to raise a triable issue of fact as to whether the arbitrators would have permitted amendment to add the claim pursuant to the "relation back" doctrine. The record establishes that the statement of claim which initiated the arbitration proceeding gave no notice of the transactions or occurrences underlying the employment discrimination claim (*see Pendleton v City of New York,* 44 AD3d 733, 736 [2007]). Accordingly, the Supreme Court should have granted that branch of Vinar's motion which was for summary judgment dismissing the third-party complaint insofar as it sought damages for failure to seek leave to amend the arbitration claim to add a claim for employment discrimination.

The Supreme Court properly denied that branch of Vinar's motion which was for summary judgment dismissing so much of the third-party complaint as asserted claims for contribution and indemnification. Contrary to Vinar's contention, the Lazer defendants are entitled to seek contribution or indemnification from him, as a subsequently retained attorney, to the extent his alleged negligence in settling the plaintiff's arbitration claims may have contributed to or aggravated her injuries (*see Schauer v Joyce,* 54 NY2d 1, 3-6 [1981]; *Alfaro v Schwartz,* 233 AD2d 281, 281-282 [1996]; *Herkrath v Gaffin & Mayo,* 192 AD2d 487, 488 [1993]).

Furthermore, in opposition to Vinar's prima facie showing on the issue of his failure to seek reformation of the U-5, the plaintiff's deposition testimony and the Lazer defendants' expert affidavit were sufficient to raise a triable issue of fact as to whether Vinar was negligent in failing to seek reformation and, if so, whether the plaintiff suffered a greater loss of future earnings than she would have had the U-5 been reformed to remove the damaging information regarding the reason for her termination from Stephens.

In view of our determination, we need not address the parties' remaining contentions. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.