■ CHRIS BIVONA et al., Plaintiffs, v DANNA & ASSOCIATES, P.C., et al., Defendants/Third-Party Plaintiffs-Respondents. MINCHEW & SANTNER, LLP, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [999 NYS2d 490]—

In an action to recover damages for legal malpractice, the third-party defendant Minchew & Santner, LLP, appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated January 15, 2013, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the third-party defendant Minchew & Santner, LLP, which were to dismiss the contractual and common-law indemnification causes of action insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Alva v Gaines, Gruner, Ponzini & Novick, LLP*, 121 AD3d 724, 725 [2014] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "A motion to dismiss a cause of action pursuant to CPLR 3211 (a) (1) may be granted only if 'documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law' " (*Indymac Venture, LLC v Nagessar*, 121 AD3d 945, 945 [2014], quoting *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]).

The Supreme Court erred in denying that branch of the motion of the third-party defendant Minchew & Santner, LLP (hereinafter M & S), which was pursuant to CPLR 3211 (a) (7) to dismiss the contractual indemnification cause of action in the third-party complaint insofar as asserted against it. The defendants/third-party plaintiffs Danna & Associates, P.C., and Anthony S. Danna (hereinafter together the Danna defendants) did not allege the existence of such a contractual relationship, and it is undisputed that no contractual relationship existed between the Danna defendants and M & S (*see Galvin Bros., Inc. v Town of Babylon, N.Y.*, 91 AD3d 715, 716 [2012]; *see also Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]). Accordingly, the Supreme Court should have granted that branch of M & S's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the contractual indemnification cause of action in the third-party complaint insofar as asserted against it.

The Supreme Court also erred in denying that branch of M & S's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action for common-law indemnification in the third-party complaint insofar as asserted against it. "The principle of common law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*Bedes-*

*see Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792, 796 [2007], quoting *Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1077 [2007]). "Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (*Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d at 796, quoting *Balladares v Southgate Owners Corp.*, 40 AD3d 667, 671 [2007]). "Thus, a party which has actually participated in the wrongdoing is not entitled to indemnification" (*Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d at 796; *see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 80 [1999]). Here, the plaintiffs' claims against the Danna defendants in the instant legal malpractice action are based upon the Danna defendants' representation of the plaintiffs in an accounting proceeding they commenced in the Superior Court of New Jersey (hereinafter the New Jersey proceeding). In support of that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the Danna defendants' cause of action for common-law indemnification in the third-party complaint insofar as asserted against it, M & S submitted copies of orders issued by the court in the New Jersey proceeding, which revealed that several claims asserted by the plaintiffs were dismissed because of the Danna defendants' failure to conduct discovery. Those orders gave the defendants in the New Jersey proceeding the right to seek an award of costs and an attorney's fee in the event that any of the plaintiffs commenced a new action against any of them for the same or similar relief. M & S also submitted a copy of its retainer agreement with the plaintiffs, in which M & S expressly advised the plaintiffs that the defendants in the New Jersey proceeding had the right to seek an award of costs and fees in the event a new action was commenced against them. The plaintiffs expressly acknowledged in the retainer agreement that they were nonetheless willing to retain M & S to recommence an action or proceeding against one or more of the defendants in the New Jersey proceeding. Thus, the documentary evidence submitted by M & S in support of its motion conclusively established that any liability on the part of the Danna defendants for legal malpractice was not solely passive and purely vicarious. Accordingly, the Supreme Court should have granted that branch of M & S's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action for common-law indemnification in the third-party complaint insofar as asserted against it.

As to the contribution cause of action, " '[i]n determining whether a valid third-party claim for contribution exists, the

critical issue is whether the third-party defendant owed a duty to the plaintiff which was breached and which contributed to or aggravated plaintiff's damages' " (*Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d 765, 766 [2014], quoting *Rosner v Paley*, 65 NY2d 736, 738 [1985]; *see Raquet v Braun*, 90 NY2d 177, 183 [1997]). " '[T]he remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors' " (*Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d at 766, quoting *Raquet v Braun*, 90 NY2d at 183). "A defendant attorney may seek contribution from a subsequently retained attorney, to the extent that the subsequently retained attorney's negligence may have contributed to or aggravated the plaintiff's injuries" (*Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d at 766; *see Schauer v Joyce*, 54 NY2d 1, 3-6 [1981]; *Soussis v Lazer, Aptheker, Rosella & Yedid, P.C.*, 66 AD3d 993, 995 [2009]; *cf. Northrop v Thorsen*, 46 AD3d 780, 783 [2007]). Contrary to M& S's contentions, the Supreme Court properly denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the contribution cause of action in the third-party complaint insofar as asserted against it, since the defendants/third-party plaintiffs properly stated a cause of action alleging that M & S's legal malpractice contributed to the plaintiff's damages, and documentary evidence did not conclusively establish a complete defense to that cause of action.

M & S's remaining contentions are without merit. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.