Braig v Baker (2024 NY Slip Op 51438(U))

[*1]

Braig v Baker

2024 NY Slip Op 51438(U)

Decided on October 22, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 22, 2024
Supreme Court, Westchester County

Mary A. Braig and THOMAS J. BRAIG, Plaintiffs,

against
Mitchell J. Baker AND BAKER, LESHKO, SALINE & DRAPEAU, LLP, Defendants.
MITCHELL J. BAKER AND BAKER, LESHKO, SALINE & DRAPEAU, LLP, Defendants/Third-Party Plaintiffs,
against
THE HUSTON LAW GROUP, PLLC AND
BARRY S. HUSTON, ESQ., Third-Party Defendants. 

Index No. 64427/2022

Attorney for Defendants/Third-Party Plaintiffs: 
Christopher F. Lyon, Esq. 
Goldberg Segalla
711 Third Avenue, 19th Floor
New York, New York 10017
(646) 292 - 8791
Attorneys for Third-Party Defendants: 
Adam M. Marshall, Esq. 
Kaufman Dolowich LLP 
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

William J. Giacomo, J.

In an action to recover damages for legal malpractice, the third-party defendants The Huston Law Group, PLLC and Barry S. Huston, Esq. (Huston) move to dismiss the third-party complaint pursuant to CPLR 3211(a)(1) and (7):
Papers Considered NYSCEF DOC NO. 72-86; 95-102; 106-118
1. Notice of Motion/Affirmation of Adam M. Marshall, Esq./Exhibits A-M
2. Affirmation of Christopher F. Lyon, Esq. in Opposition/Exhibits A-F/Memorandum of Law
3. Affirmation of Adam M. Marshall, Esq. in Reply/Exhibits A-D
4. Letter/Correspondence (2)
5. Order vacating initial decision and order
6. Letter
7. Affirmation of Christopher F. Lyon, Esq. in Sur-Reply/Memorandum of Law
FACTUAL AND PROCEDURAL BACKGROUND
The Court assumes the familiarity with the underlying action and the relevant facts are set forth from the prior decision on the matter (motion sequence 001). The subject of this action is the defendants/third-party plaintiffs Mitchell J. Baker and Baker, Leshko, Saline & Drapeau, LLP's (hereinafter, Baker) legal representation of plaintiffs in the action Mary A. Braig and Thomas J. Braig v JAG Facility Source, LLC and David J. Guhanick, Sup Ct, Westchester County, Index No. 65183/2017 ("underlying action") from when plaintiffs retained Baker to represent them, on or about September 12, 2018. The underlying action was for personal injuries suffered by plaintiff Mary Braig when she was struck by a motor vehicle on February 23, 2017 and for plaintiff Thomas J. Braig's loss of services. Plaintiff Mary Braig was a pedestrian and defendant David J. Guhanick was the registered owner and driver of a 2015 BMW motor vehicle involved in the accident. The underlying complaint had alleged that Guhanick was an agent, servant, employee, officer, director and/or managing principal of Defendant JAG Facility Source, LLC (JAG).
Plaintiffs allege Baker committed legal malpractice in the representation of plaintiffs in the underlying action in that Baker voluntarily discontinued the underlying action against defendant JAG without plaintiffs' knowledge, permission or consent, relegating the plaintiffs with only a possibility of recovery of the insurance coverage of $1.3 million underwritten by Liberty Mutual Insurance Company, instead of recovery against the owner of the vehicle, JAG. Plaintiffs claim that from the time Baker's representation began through the conclusion of the case, it failed to discuss, disclose or otherwise inform them of its decisions which were detrimental to the underlying case and failed to prepare them for their depositions resulting in pre-trial testimony that was deficient, devastating and detrimental to their case. Plaintiffs also allege that Baker failed to properly prepare for the arbitration proceeding in their case which included failing to retain an accident reconstructionist, failing to have up to date medical records and reports available for the arbitrator, and failing to retain an expert with respect to alcohol consumption to refute the claim of plaintiff Mary Braig's alcohol impairment in the underlying case. The complaint asserts that the arbitrator awarded only $225,000.00 to plaintiffs as a result of Baker's conduct. In the complaint, plaintiffs seek damages in the amount of five million dollars.
By decision and order dated March 27, 2023, this Court denied Baker's motion to dismiss and held that plaintiffs stated a cause of action to recover damages for legal malpractice in their amended complaint. Baker filed its answer on April 6, 2023 and filed a third-party summons and complaint on June 20, 2024.
In the third-party complaint, Baker alleges that the legal malpractice of Huston is the proximate cause of the plaintiffs' alleged monetary damages and the third-party complaint asserts claims for common-law indemnification and for contribution. The third party complaint alleges that plaintiffs retained Huston to represent them in the initial underlying motor vehicle action. Huston acted as the attorney for plaintiffs between May 19, 2017 and September 12, 2018 and had commenced an action on behalf of plaintiffs. Baker was substituted as counsel on or about September 12, 2018. Baker alleges that Huston failed to preserve critical evidence, failed to [*2]engage appropriate or necessary experts, failed to conduct appropriate discovery and otherwise failed to perform its duties as counsel for plaintiffs. For instance, Baker claims that in May 2017, defendant in the underlying action had an expert examine the 2015 BMW. Defendant then returned the leased BMW to the dealership in June 2018. However, Huston failed to have an expert inspect the BMW prior to that time and failed to otherwise preserve any evidence related to the BMW including digital data. According to Baker, this preservation and inspection of the BMW was essential and would allow an accident reconstruction expert to testify on plaintiffs' behalf. However, due to Huston's alleged inactions and negligence, the BMW subsequently became inaccessible and unavailable. These actions occurred prior to when Baker was substituted as counsel.
Baker further alleges that, during the time Huston represented plaintiffs, Huston failed to elicit evidence to support a claim against JAG. As a result, due to this purported failure, the claims against JAG were dismissed without prejudice. Baker asserts that Huston's dilatory conduct left them with a limited time period to conduct and complete discovery and that the conduct resulted in spoliation and loss of critical evidence.
The first cause of action, common law indemnification, states that if plaintiffs sustained any damages it was due to Huston's negligence and not due to any active negligence on Baker's part. In the second cause of action, Baker is seeking contribution from Huston. 
Huston moves to dismiss the third-party action, arguing that the claims are not sufficiently pled and are refuted by the documentary evidence. Huston argues that the claim for common law indemnification is not viable where, like here, Baker's liability is not purely vicarious but based on Baker's negligent acts which occurred after Baker was retained as counsel. Huston also argues that Baker is not entitled to contribution as a matter of law. According to Huston, as Baker asserted an affirmative defense in its answer based on comparative fault, Baker is sufficiently protected by the comparative negligence defense and the contribution claim should be dismissed as duplicative. Huston further argues that Baker cannot assert a contribution claim against it as a prior alleged tortfeasor because any potential damages caused by Huston's alleged omissions are separate from those caused by Baker.
With respect to the merits of the claims, Huston argues that Baker cannot blame Huston for its decisions. For instance, even though the BMW could not be inspected by plaintiffs' expert, Baker was still able to retain an accident reconstruction expert who prepared a report. According to Huston, Baker injured plaintiffs by failing to call this witness at the arbitration, leaving the arbitrator to consider the unopposed expert testimony from the driver. Huston also argues that even if it did fail to elicit evidence supporting JAG's liability, there was no reason for Baker to voluntarily discontinue JAG from the action. Although Baker still had several months to conduct discovery, it prematurely discontinued the action against JAG prior to any depositions being held. According to Huston, this would be a superseding failure on Baker's fault, severing any causal link between Huston's alleged negligence and plaintiffs' damages. 
In opposition, Baker claims that it is free from any negligence and that if any injury occurred, it was due to Huston's negligence. Baker argues that the third-party complaint sufficiently alleges facts which demonstrate Huston's negligence contributed to or aggravated plaintiffs' alleged damages. For example, by the time Baker was retained, the BMW was inaccessible, so any expert retained was missing information to provide a complete analysis. Baker claims that it made the strategic decision not to call an expert based on the status of the case, which was inclusive of all deficiencies caused by Huston. With respect to JAG, Baker [*3]argues that Huston failed to elicit and preserve evidence to hold JAG liable. Baker further argues that the contribution claim is not duplicative of the comparative fault affirmative defense. It also claims that Huston has failed to submit any documentary evidence for purposes of a CPLR 3211 (a) (1) motion. Lastly, Baker argues that, alternatively, if any causes of action are dismissed, it should be granted leave to file an amended complaint.
In reply, Huston argues that Baker is not entitled to common law indemnification as plaintiff has alleged acts of legal malpractice which occurred after Huston withdrew from the original action. Further, if Baker is ultimately found not liable for legal malpractice, there will be no viable claim for common law indemnification. Huston reiterates that the contribution claim is purportedly duplicative of Baker's comparative fault defense against plaintiffs.
Pursuant to a sur-reply, which was permitted by this Court, Baker claims that it has sufficiently plead a cause of action for common law indemnification as the third party complaint alleged only a passive role on Baker's part in causing plaintiff's injuries. Further, even if the underlying legal malpractice claim fails, a common law indemnification claim would purportedly allow Baker to recover from Huston the attorneys' fees expended in defense of the action. Baker further alleges that the contribution theory is proper, where, like here, a defendant attorney is charged with legal malpractice and is seeking contribution from another attorney who represented the same client.

DISCUSSION
Dismissal
"Upon a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail." Esposito v Noto, 90 AD3d 825, 825 (2d Dept 2011) (internal quotation marks and citations omitted). The court must afford the pleading a liberal construction, accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Id. "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss." Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 589 (2d Dept 2014). 
A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law." Id. at 588. 
To summarize, it is undisputed that Huston represented plaintiffs from approximately May 19, 2017 through September 12, 2018, and that Baker succeeded in representing plaintiffs starting in December, 2018. The essence of plaintiffs' legal malpractice claim includes Baker's alleged inadequate preparation for, and conduct during, the arbitration proceeding. Allegedly as a result of Baker's conduct, the arbitrator awarded the plaintiffs only $225,000. Plaintiffs also claim that Baker voluntarily discontinued the JAG action, which also limited their potential recovery. They further allege that Baker made that decision without consulting plaintiffs first and that Baker committed legal malpractice by, among other things, failing to prepare the plaintiffs for their depositions. The third-party complaint alleges that third party defendants were negligent in failing to take necessary actions to preserve critical evidence such as the 2015 [*4]BMW which prevented Baker from retaining an accident reconstruction expert who could inspect the vehicle. It also alleges that Huston was negligent in failing to conduct substantive discovery including discovery regarding JAG ownership in the BMW while it represented plaintiffs. 
Common Law Indemnification
The right to indemnification may be implied by common law to "prevent an unfair result or the unjust enrichment of one party at the expense of the other." Richter v Hunter's Run Homeowners Assn. Inc., 14 AD3d 601, 602 (2d Dept 2005). "To establish a claim for common-law indemnification, the party seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability, but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the cause of the accident." Mikelatos v Theofilaktidis, 105 AD3d 822, 824 (2d Dept 2013). In other words, "a party which has actually participated in the wrongdoing is not entitled to indemnification." Bivona v Danna & Assoc., P.C., 123 AD3d 956, 958 (2d Dept 2014) (internal quotation marks omitted).
The Court finds that Baker failed to state a cause of action against Huston for common-law indemnification, as plaintiffs in their underlying complaint "did not seek to hold [Baker] responsible for another's wrong," such as any alleged failure to preserve the 2015 BMW, but "directly charged [Baker] with negligence . . ." Alva v Gaines, Gruner, Ponzini & Novick, LLP, 121 AD3d 724, 726 (2d Dept 2014) ("The Supreme Court also properly determined that the GGP&N defendants failed to state a cause of action against the Marcus attorneys for common-law indemnification, since the Alvas did not seek to hold the GGP&N defendants responsible for another's wrong, but directly charged the GGP&N defendants with negligence in allowing the statute of limitations to expire in connection with the claims based on Atzl's November 2005 conduct"). 
Moreover, the claims against Baker in the underlying legal malpractice claim are based upon specific actions taken by Baker, including failing to prepare plaintiffs for depositions, discontinuing the action against JAG without consulting plaintiffs and failing to retain an alcohol consumption expert. Thus, Baker's role in causing plaintiffs' injuries, if any, would not be "solely passive." See e.g. Bivona v Danna & Assoc., P.C., 123 AD3d at 958 ("Thus, the documentary evidence submitted by M & S in support of its motion [to dismiss the cause of action for common-law indemnification in the third-party complaint] conclusively established that any liability on the part of the Danna defendants for legal malpractice was not solely passive and purely vicarious").
In the opposition papers and the sur-reply, Baker informally requests leave to amend any causes of action dismissed as a result of this motion. This request is denied, as the third-party complaint fails to state a cause of action for common-law indemnification. See e.g. Thompson v Cooper, 24 AD3d 203, 205 (1st Dept 2005) ("Leave will be denied where the proposed pleading fails to state a cause of action, or is palpably insufficient as a matter of law"). 
Contribution
"In determining whether a valid third-party claim for contribution exists, the critical issue is whether the third-party defendant owed a duty to the plaintiff which was breached and which contributed to or aggravated plaintiff's damages." Rehberger v Garguilo & Orzechowski, LLP, 118 AD3d 765, 766 (2d Dept 2014) (internal quotation marks omitted); see also Schauer v Joyce, 54 NY2d 1, 3-6 (1981) (discussing malpractice contribution theory). As pertinent here, "[t]he remedy may be invoked against concurrent, successive, independent, alternative and even [*5]intentional tortfeasors." Id. It is well settled that "an attorney sued for malpractice may assert a claim for contribution against another lawyer who advised the plaintiff on the same matter." Millennium Import, LLC v Reed Smith LLP, 104 AD3d 190, 193 (1st Dept 2013); see also Soussis v Lazer, Aptheker, Rosella & Yedid, P.C. 66 AD3d 993, 995 (2d Dept 2009) (attorney permitted to seek contribution from subsequently retained attorney "to the extent his alleged negligence in settling the plaintiff's arbitration claims may have contributed to or aggravated her injuries").
Here, construing the third-party complaint liberally, accepting the facts alleged in the complaint as true, and according third-party plaintiff the benefit of every possible inference, Baker has stated a cause of action to recover for contribution. See e.g. Bivona v Danna & Assoc., P.C., 123 AD3d 956, 959 (2d Dept 2014)( "defendants/third-party plaintiffs properly stated a cause of action [for contribution] alleging that [third-party defendant's] legal malpractice contributed to the plaintiff's damages, and documentary evidence did not conclusively establish a complete defense to that cause of action"); see also Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d at 589. As set forth in the examples above, including the failure to preserve the 2015 BMW, the third-party complaint alleges sufficient facts which, if true, would establish that any legal malpractice committed by Huston proximately caused plaintiffs to sustain actual damages, making Huston liable to Baker for contribution. Whether the inadequate arbitrator's award, among other damages alleged by plaintiffs, was result of either Baker and/or Huston's negligence is a question of fact. As a result, the third-party complaint sufficiently states a cause of action for contribution.
In addition, Huston has failed to demonstrate how the contribution claim is duplicative of the comparative fault affirmative defense based on any alleged agency between plaintiffs and Huston on the transactions at issue. Under the agency theory, any culpable conduct on the agent's part would be attributable to the plaintiffs. However, Huston's theory is not applicable here, where liability for a legal malpractice claim cannot be imputed to plaintiffs and where the law firm is a separate entity. See Millennium Import, LLC v Reed Smith LLP (104 AD3d at 195-196) ("where, as here, a defendant charged with legal malpractice has a viable claim against other law firms that represented its client for concurrent or successive malpractice contributing to the client's damages, the defendant law firm is not necessarily 'afforded all the protection to which it is entitled' by the affirmative defense of comparative negligence").
Further, although it appears that Huston seeks to attribute any culpable conduct on its part to plaintiffs under agency principles (see NYSCEF Doc. No. 73, ¶¶ 32, 33) any questions as to Huston's agency relationship with plaintiffs cannot be addressed on this motion to dismiss. Huston was no longer counsel and could not serve as plaintiffs' agent during the time frame alleged in the underlying legal malpractice complaint. See e.g. Rubin v Duncan, Fish & Vogel, L.L.P., 176 AD3d 609, 609-610 (1st Dept 2019) ("Because the affirmative defense may or may not include these accountants as plaintiff's agents, servants or employees, the third-party claim is not duplicative . . .. Contrary to appellants' contention, the issue of whether or not they acted as plaintiff's agents has not been resolved").
Finally, to the extent that Huston "sought dismissal pursuant to CPLR 3211 (a) (1), [Huston] failed to sustain [its] burden of submitting documentary evidence to resolve all factual issues as a matter of law, and conclusively dispose of the [third-party plaintiffs' claim for contribution]." Razdolskaya v Lyubarsky, 160 AD3d 994, 997 (2d Dept 2018). 
The parties' remaining contentions have been considered by the Court and are found to be [*6]without merit.

CONCLUSION
Accordingly, it is hereby
ORDERED that third-party defendants The Huston Law Group, PLLC and Barry S. Huston, Esq.'s motion to dismiss the third-party complaint pursuant to CPLR 3211(a)(1) and (7) is granted with respect to the common law indemnification claim and denied with respect to the contribution claim; and it is further
ORDERED that third-party defendants shall serve their answer(s) within ten days after service of notice of entry of this order pursuant to CPLR 3211(f).
Dated: October 22, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.